[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
All of the allegations of the complaint are found proven. CT Page 13688 After 24 years of marriage, in 1995 the plaintiff began an adulterous affair with Jeffrey Bayer, with assignations taking place in local hotel rooms or while parked at a local beach. The defendant eventually found out about the affair. In order to regain her bargaining power after she had wanted to end the marriage, the plaintiff accused the defendant of sexual abuse.
The court questions the veracity of the plaintiff since an analysis of the parties' prior behavior when intimate as well as the events surrounding the alleged offense reveals that, by her own admission, the defendant was an uneducated, clumsy lover. On the day in question, the defendant approached the plaintiff seeking coitus in the same fashion as he had throughout the marriage. Other family members were home at the time. After the alleged abuse the plaintiff left the home in company with two of her daughters in an auto. It is not clear to the court who was driving as they visited a McDonald's. The plaintiff made no effort or request to go to the police station. They then returned home. The following morning the defendant dressed and left for work at 7:00 a.m. At 8:00 a.m. the plaintiff called the police to report her complaint.
Around the same time that the plaintiff began this action for dissolution, she confided to a mutual friend of the parties that she would drop the charges if the defendant would give her the marital home. The plaintiff also stated she couldn't retract the charges without risk of a false complaint. Although a sexual abuse allegation is a serious matter, much depends upon the credibility of the parties involved. The court concludes that the defendant did not sexually abuse the plaintiff as she alleged. The plaintiff is an EKG cardiology technician at Norwalk Hospital where she has been employed for a total of 18 years. She has a high school education. She has medical insurance provided by the hospital, five weeks paid vacation, accrued sick time, and personal leave time. She lists $600.00 gross weekly wages and $490.00 net after mandatory deductions.
The defendant is a stone mason earning $15.00 hourly wage with no fringe benefits. He has three years of formal education. He lists $600.00 weekly gross wage and $436.90 after mandatory deductions.
The court concludes their earnings as well as their earning capacities are about equal. CT Page 13689
The parties own a home located at 15 Maurice Street, Norwalk, Connecticut which the plaintiff values at $237,000.00 and the defendant values at $200,000.00. It is subject to a mortgage balance of $61,000.00. The plaintiff has been occupying the home.
They also jointly own a 50% interest in a parcel of improved real estate located in Acri, Italy. The defendant valued their interest at $144,000.00. The evidence was confusing regarding the loans and liens on the parcel since both the defendant's brother and the defendant's brother-in-law have been advancing money and collecting the rent. There is also a need to register it at a cost of about $12,000.00 before it could be sold. The plaintiff fails to list an interest in the parcel on her financial affidavit.
The plaintiff lists "Pension Plans (IRA)" of $10,246.00 in value. It is not clear whether the plaintiff has a defined benefit plan in light of her number of years of service at the hospital. The defendant lists a small pension plan of $150.00 monthly available at age 55.
During the pendency of this case a jeep registered to the defendant was totally destroyed in an accident. The equity of about $8,000.00 is still unpaid by the insurance company since the paperwork is not complete. Its use had been given to the plaintiff pendente.
The parties have one minor child, Marcella, born August 15, 1984, presently residing with the mother.
At the time of trial the defendant was current on the pendente orders of $100.00 weekly alimony and $100.00 weekly alimony entered September 9, 1996.
The court has reviewed the evidence in light of the statutory criteria and relevant case law and enters the following decree.
1. Judgment is entered dissolving the marriage of the parties that took place on September 22, 1971 in Calabria, Italy. The plaintiff may resume her birth name if she wishes.
2. The plaintiff is awarded sole custody of the minor child. The defendant is awarded reasonable visitation rights.
3. The defendant shall pay child support of $110.00 weekly CT Page 13690 which the court finds is within the guidelines. A contingent wage withholding order is entered.
4. The plaintiff is awarded sole ownership of the Norwalk parcel known as 15 Maurice Street in its "as is" condition. The plaintiff shall assume the mortgage, taxes, and any other encumbrance and shall hold the defendant harmless and indemnified. As part of the transfer the defendant is awarded as his interest in the parcel, the sum of $50,000.00 to be secured by mortgage deed or, in lieu thereof, by judgment lien to secure payment thereof by April 1, 1998. If unpaid on said date, statutory interest shall begin to accrue and the plaintiff shall thereafter be responsible for all costs incurred to collect the sum.
5. The defendant is awarded the plaintiff's interest in the real estate located in Acri, Italy. The defendant shall be responsible for the preparation of all documents and for the payment of all costs incurred to effect the transfer.
6. The plaintiff shall provide the minor's medical insurance. The parties shall equally divide and pay any deductibles or uninsured bill balances for health care given the minor.
7. The parties shall process the auto insurance claim and the proceeds shall be divided equally between them.
8. The plaintiff shall retain the contents of the Maurice Street home, her IRA and pension, her bank accounts, her jewelry and the silverware. She shall pay the liabilities listed on her affidavit.
9. The defendant shall retain the 1987 Chevrolet Cavalier, his pension, and any other assets now in his name. He shall pay the liabilities listed on his affidavit.
10. The plaintiff shall cooperate with the defendant if he elects to continue medical coverage via the plaintiff's plan as allowed by COBRA, but the continuation shall be at his expense.
11. No periodic alimony is awarded. No allowance to prosecute or to defend is awarded.
Counsel for the plaintiff shall prepare the judgment file. CT Page 13691
HARRIGAN, J.